ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| PROVIDENCIA ROSA SERRANO<br><br>*Ex parte*<br><br>Peticionaria | TA2025AP00537 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2024CV01875<br><br>Sobre: Expediente de dominio |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece la señora Providencia Rosa Serrano (señora Rosa Serrano o peticionaria) y nos solicita revisar una *Resolución Final* emitida el 15 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI).[1] En dicho dictamen, el foro primario "a la luz de la robusta oposición a la petición de expediente de dominio de la parte peticionaria" declaró No Ha Lugar la petición y concluyó que la peticionaria debía presentar una demanda de expediente de dominio contradictorio en lugar de un expediente de dominio ordinario.

Aclaramos que si bien el recurso presentado por la peticionaria fue identificado como *Apelación,* acogemos el mismo como un *certiorari,* por tratarse de la revisión de una resolución final de un procedimiento de jurisdicción voluntaria.[2] Sin embargo, para fines de celeridad y eficiente manejo del asunto, determinamos que el mismo permanezca con la identificación alfanumérica que le fuera asignada al momento de su presentación.

---

[1] Entrada Núm. 48 del caso AR2024CV01875 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 16 de octubre de 2025.
[2] Véase Regla 32 (B) del Reglamento de este Tribunal, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. __, 215 DPR __ (2025)

Por los fundamentos que expondremos a continuación, se adelanta la expedición del auto y la revocación del dictamen apelado.

**I.**

Este caso se originó el 26 de septiembre de 2024, cuando la señora Rosa Serrano presentó una petición de expediente de dominio.[3] En esta, alegó que en 1979, adquirió la propiedad mediante compraventa otorgada por el señor José Domingo Serrano Morales (señor Serrano Morales), según constó en la declaración jurada núm. 93-73 de 23 de marzo de 1993 ante la secretaria general Gloria Nieves Hernández, descrita a continuación:

> RÚSTICA: Radicada en el Barrio Piedra Gorda del término municipal de Camuy, Puerto Rico, compuesta de 207.52 metros cuadrados. Linda al NORTE, con Narcisa Santiago; por el SUR, con Ana M. Rosa Serrano; por el ESTE, con Bonifacia Serrano y al OESTE, con Isabel Serrano.

Adujo que contrató al agrimensor Cady Román Velázquez, quien emitió un Certificado de Mensura, que arrojó la siguiente descripción:

> RÚSTICA: Radicada en el Barrio Piedra Gorda del término municipal de Camuy, Puerto Rico. Con una cabida de SEISCIENTOS SESENTA Y DOS PUNTO SIETE MIL CIENTO VEINTITRÉS METROS CUADRADOS (662.7123 m.c.) equivalentes a CERO PUNTO MIL SEISCIENTOS OCHENTA Y SEIS CUERDAS DE TERRENO (0.1686 cdas.) En lindes al NORTE, con camino municipal "Los Serranos"; por el SUR, con Ana María Rosa Serrano y Florencio Rosa Jiménez; por el ESTE, con Florencio Rosa Jiménez, y por el OESTE, con Joel Hernández y Florencio Rosa Jiménez.
>
> Enclava una edificación dedicada a vivienda de una sola planta construida en bloques y cemento con techo de zinc, que consta de tres (3) cuartos dormitorios, un baño, cocina, sala y balcón.
>
> No consta inscrita en el Registro de la Propiedad.

Sostuvo que carecía de escritura pública e inscripción registral, pero que poseía el inmueble de forma quieta, pública y pacífica, de buena fe y con justo título por más de treinta (30) años, sumando la posesión de los anteriores titulares.

---

[3] *Íd.*, Entrada Núm. 1 en SUMAC.

Tras varios trámites procesales, el 18 de febrero de 2025, los hermanos Alberto y Ana María Rosa Serrano (interventores) presentaron una *Moción en Oposición a Expediente de Dominio y en Solicitud de Desestimación.*[4] Estos señalaron contradicciones en la petición de expediente de dominio, cuestionaron la medida correcta de la finca y adujeron que su hermana, Gloria Rosa Serrano, codueña y esposa del señor Serrano Morales, no participó en la venta. Argumentaron que la finca reclamada por la apelante era parte de dos (2) sucesiones con múltiples herederos.

La señora Rosa Serrano replicó el 8 de marzo de 2025, alegando que sus hermanos confundieron la finca objeto del recurso con otra perteneciente al caudal relicto de sus progenitores. Añadió que la ausencia de la esposa del señor Serrano Morales en la compraventa no invalidó la transacción, máxime que no intervino en el pleito.

Más adelante, el 29 de julio de 2025, los señores Richard y Saulo Serrano Ramos comparecieron como interventores y presentaron una *Moción en Oposición a Expediente de Dominio y en Solicitud de Desestimación.*[5] Indicaron que su padre, el señor Serapio Serrano Santiago, vendió el solar que la apelante reclamó al señor Serrano Morales y a la señora Gloria Esther Rosa Serrano. Plantearon que las colindancias eran incorrectas, que la medida del terreno y la falta de notificación generaban dudas sustanciales y solicitaron una vista ocular para precisar la porción realmente reclamada para determinar si era necesario permanecer en el caso.

El 19 de agosto de 2025, la señora Rosa Serrano replicó y precisó que los interventores no ofrecieron evidencia concreta y que no los notificó porque no eran colindantes. Se opuso a la vista ocular,

---

[4] *Íd.*, Entrada Núm. 33 en SUMAC.
[5] *Íd.*, Entrada Núm. 40 en SUMAC.

aunque peticionó que, de celebrarse, se ordenara la comparecencia de los interventores.[6]

Posteriormente, el 3 de octubre de 2025, el TPI celebró una vista de dominio y anunció que denegaría la petición de expediente de dominio ordinario.[7]

A esos fines, el 15 de octubre de 2025, el foro inferior emitió una *Resolución,* mediante la cual declaró No Ha Lugar la petición de expediente de dominio al concluir que, dada la robusta oposición el mecanismo procedente era un expediente de dominio contradictorio.[8]

Inconforme con la determinación, al día siguiente, la señora Rosa Serrano presentó una *Moción de Reconsideración,*[9] en la que alegó que en la vista de dominio no se permitió la presentación de prueba. Expresó que la jurisprudencia y *la Ley del Registro de la Propiedad Inmobiliaria, Ley Núm. 210-2015,* 30 LPRA sec. 6297 (*Ley del Registro*), establecían que las controversias sobre el título debían dilucidarse en el propio caso de expediente de dominio, el cual perdía su naturaleza *ex parte* y se convertía en un juicio contencioso. En igual fecha, el TPI emitió una *Orden,* en la que denegó la reconsideración.[10]

Aún insatisfecha, el 11 de noviembre de 2025, la señora Rosa Serrano presentó el recurso de epígrafe, en el que señaló que el foro inferior cometió el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "NO HA LUGAR' LA PETICIÓN DE EXPEDIENTE DE DOMINIO POR TENER OPOSICIÓN DE LOS INTERVENTORES.

En esencia, la apelante planteó que el TPI erró en derecho al denegar su petición de expediente de dominio. Sostuvo que, al no existir ningún asiento registral a favor de los interventores ni

---

[6] *Íd.,* Entrada Núm. 43 en SUMAC.
[7] *Íd.,* Entrada Núm. 46 en SUMAC.
[8] *Íd.,* Entrada Núm. 48 en SUMAC. Notificada el 16 de octubre de 2025.
[9] *Íd.,* Entrada Núm. 49 en SUMAC.
[10] *Íd.,* Entrada Núm. 54 en SUMAC. Notificada el 21 de octubre de 2025.

evidencia de un mejor título al no demostrar que sus propiedades constaban inscritas, el foro primario debió continuar el trámite como procedimiento contencioso dentro del propio expediente de dominio.

Por su parte, el 8 de diciembre de 2025, los hermanos Alberto y Ana María Rosa Serrano informaron que este tribunal había concedido a la apelante un término para certificar que la transcripción presentada era fiel y correcta, el cual venció sin cumplimiento.

En esa misma fecha, los interventores presentaron su oposición al recurso. Esgrimieron que el predio objeto del litigio pertenecía a la sucesión del matrimonio del señor Florencio Rosa y la señora Isabel Serrano. Señalaron que la cabida reclamada provenía de un contrato privado de compraventa alegadamente otorgado por el señor Serrano Morales, cuya esposa era codueña del terreno y certificó que no consintió dicha transacción. Expresaron que, ante la ausencia de prueba robusta y la improcedencia del remedio solicitado, la determinación apelada estaba sostenida por evidencia sustancial y conforme a derecho, por lo que debía confirmarse.

Los interventores expusieron que no procedía convertir automáticamente el expediente de dominio en un juicio contencioso ordinario, puesto que ello únicamente era viable cuando existía una controversia real sobre la titularidad. A su juicio, la apelante excedió los límites del remedio al intentar apropiarse de una cabida de 662.7123 metros cuadrados, afectando derechos de varias sucesiones. Destacaron que, aunque ninguna de las partes interventoras reclamó tener un asiento registral a su favor ni alegó poseer un mejor título, ello no invalidaba su derecho a oponerse a una apropiación indebida.

El mismo día, la señora Rosa Serrano, compareció, y tras responsabilizarse por no percatarse del dictamen de este tribunal de

certificar la transcripción de la vista de dominio, procedió a presentarla.

## II.

### A. Certiorari

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise decisiones de un foro inferior. *Rivera et al., v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La expedición del auto es discrecional, por tratarse ordinariamente de asuntos interlocutorios. Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita taxativamente las instancias en que procede expedir el auto de *certiorari* en asuntos civiles. *McNeill Healthcare LLC v. Municipio De Las Piedras*, supra; *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). Así, procede revisar resoluciones u órdenes bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, o la denegación de mociones dispositivas. Como excepción, se pueden revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público u otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. Íd. Si el asunto interlocutorio no se encuentra dentro de estas instancias, el Tribunal carece de autoridad para intervenir.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *supra*, R. 40, dispone los criterios que orientan el ejercicio de nuestra facultad discrecional para atender una petición de *certiorari*, al considerar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### B. Expediente de dominio

El expediente de dominio es un procedimiento especial previsto en la *Ley del Registro, supra,* que permite al propietario que carece de título inscribible, sin importar la época de adquisición, inscribir su derecho. *Torres, Cabrera, Ex Parte*, 2025 TSPR 5, 215 DPR ___ (2025); L. R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 3ra ed., Puerto Rico: Jurídica Editores, 2012, pág. 338. Su trámite se rige por el Artículo 185 de la *Ley del Registro, supra*, sec. 6291. Consiste en un trámite judicial *ex parte* que no declara derechos, sino que se limita a justificar el dominio del promovente. Rivera Rivera, *op. cit.* Es decir, la función del juzgador se circunscribe a declarar si el dominio quedó o no justificado. *Íd.* Mientras no surja controversia entre partes conocidas y determinadas, el expediente de dominio conserva su naturaleza *ex parte* y la resolución no adquiere autoridad de cosa juzgada, puesto que nada impide la ulterior presentación de un juicio declarativo por los interesados. *Íd.*; *Torres, Cabrera, Ex Parte, supra.*

Ahora bien, si dentro del expediente de dominio surge una controversia sobre la validez del título o sobre los derechos dominicales del promovente, esta se dilucidará en el propio procedimiento, el cual pierde su carácter *ex parte* y se convierte en

un juicio contencioso ordinario. *Íd.*; *Ríos v. Tribunal Superior*, 77 DPR 79 (1954); *Rodríguez v. Registrador*, 75 DPR 712 (1953). Ello ocurre sin el sobreseimiento del procedimiento iniciado y con una contención limitada al objeto del expediente. J. M. Chico y Ortiz, *Estudios sobre Derecho Hipotecario*, T. I, 3ra ed., Madrid: Marcial Pons, 1994, pág. 777. Dilucidar esta controversia dentro del mismo procedimiento representa ser la práctica judicial más conveniente, ya que evita la duplicidad de trámites y preserva la eficacia del expediente de dominio. *Ríos v. Tribunal Superior, supra.* En esa línea, el Artículo 191 de la *Ley del Registro, supra,* sec. 6297, dispone:

> En el expediente para acreditar el dominio no se podrá exigir al promovente que presente el título de adquisición de la finca cuando éste ha alegado que carece del mismo. **En caso de que una de las personas citadas se oponga a la acreditación del título propuesto por el solicitante y alegue que tiene un mejor derecho que el promovente, se entenderá convertido el procedimiento de expediente de dominio en un juicio contencioso ordinario.** […] (Énfasis nuestro).

Por otro lado, aun cuando el dominio haya sido declarado justificado, la persona que se considere perjudicada puede incoar posteriormente un juicio ordinario contradictorio, cuya sentencia constituirá título suficiente para cancelar el asiento de inmatriculación. Rivera Rivera, *op. cit.*, pág. 343. Así lo reconoce el Artículo 192 de la *Ley del Registro, supra,* sec. 6298, que establece:

> **La declaración de estar o no justificado el dominio no impedirá que se pueda presentar posteriormente una acción ordinaria contradictoria de dominio por quien se considere perjudicado, sin perjuicio de lo dispuesto en esta Ley respecto a tercero.** (Énfasis nuestro).

**III.**

En el recurso que nos ocupa, la señora Rosa Serrano sostuvo que el TPI erró en derecho al denegar su petición de expediente de dominio bajo el fundamento de que, ante la oposición de los interventores, debía instarse un expediente de dominio contradictorio independiente. Arguyó que lo procedente era continuar la tramitación del caso como un juicio contencioso ordinario dentro del mismo expediente de dominio ya incoado.

Tras una evaluación sosegada del expediente en conjunto con la normativa jurídica vigente, concluimos que asiste la razón a la apelante. No obstante, es necesario precisar el alcance de nuestra determinación. Esta no implica declarar justificado el dominio reclamado por la apelante. La revocación que procede es estrictamente limitada a concluir que el TPI erró al determinar que, por existir oposición, la promovente debía iniciar un procedimiento separado de expediente de dominio contradictorio.

Los Artículos 191 y 192 de la *Ley del Registro, supra*, secs. 6297 y 6298, y la doctrina aplicable distinguen con claridad entre dos (2) conceptos que fueron unidos en este caso: de un lado, la conversión del expediente de dominio en un procedimiento contencioso ordinario; de otro, la presentación de una acción ordinaria contradictoria independiente.

Conforme al Artículo 191 de la *Ley del Registro, supra*, sec. 6297, cuando las personas citadas se oponen y alegan un mejor derecho, el procedimiento de expediente de dominio se entiende convertido en un juicio contencioso ordinario. Dicha conversión ocurre dentro del mismo trámite ya iniciado, sin que proceda su desestimación o sustitución por un nuevo procedimiento. Esta norma ha sido reiteradamente reconocida por nuestra jurisprudencia como una manifestación del principio de economía procesal, en la medida en que permite que la controversia dominical se dilucide en un solo caso, evita la duplicidad de pleitos y reduce dilaciones innecesarias. Exigir a la promovente abandonar el trámite iniciado y presentar un nuevo caso no solo contraviene la letra de la ley, sino que impone una carga procesal indebida.

En el caso ante nuestra consideración, la oposición de los interventores no requería la radicación de un pleito ordinario contradictorio separado. Lo que procedía era permitir que el procedimiento continuara dentro del mismo caso, ya en su fase

contenciosa, con la correspondiente oportunidad para que todas las partes litigaran los asuntos en controversia.

Conviene subrayar que esta determinación no menoscaba ni limita los derechos de las partes interventoras. Estas conservan la facultad de oponerse, presentar evidencia y defender sus alegados intereses dentro del procedimiento contencioso. Además, aun en el escenario en que eventualmente se declarara justificado el dominio —eventualidad que no prejuzgamos—, la ley preserva el derecho de cualquier persona que se considere perjudicada a instar, con posterioridad, una acción ordinaria contradictoria.

En consecuencia, procede expedir el auto y revocar la determinación recurrida únicamente en cuanto a que la apelante debía instar un procedimiento separado de expediente de dominio contradictorio. Se devuelve el caso para que continúe la tramitación del asunto como un procedimiento contencioso ordinario dentro del mismo caso.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se revoca la determinación apelada. Se devuelve el caso al foro primario para la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones